IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT LAWRENCE KUCH,**

                              Petitioner,

  v.

**UNITED STATES OF AMERICA,**
                              Respondent.

No. 3:12-cv-01419-MO
No. 3:09-cr-00398-MO-1

**OPINION AND ORDER**

**MOSMAN, J.,**

  Pro se petitioner Robert Lawrence Kuch filed a Motion to Vacate, Set Aside, or Correct

Sentence [52] under 28 U.S.C. § 2255. The Government filed a response [59] and Mr. Kuch

replied [63]. For the following reasons, I DENY Mr. Kuch's motion [52] and I also DENY a

Certificate of Appealability under 28 U.S.C. § 2253.

## BACKGROUND

  On March 4, 2011, Mr. Kuch pled guilty [37] to a single-count indictment for bank

robbery, in violation of 18 U.S.C. § 2113(a). At the time of the robbery, Mr. Kuch was on

supervised release. After the plea colloquy, I revoked Mr. Kuch's term of supervised release

because I found Mr. Kuch violated the conditions of his supervised release by committing the

crime of bank robbery. (Change of Plea and Supervised Release Violation Tr. [58] 16:16–25).

1 – OPINION AND ORDER

I sentenced Mr. Kuch to 151 months imprisonment with three years of supervised release, $8,270 in restitution, and a $100 fee assessment. (Sentencing Tr. [51] 27:12–28:16). I also sentenced him to 24 months imprisonment based on my revocation of his supervised release. (*Id.* at 29:6–7). I ordered the revocation sentence to run concurrent rather than consecutive to the bank robbery sentence "to give some effect" to Mr. Kuch's life history, drug addiction, and age. (*Id.* at 27:14–28:1; *see also* Order Revoking Supervised Release Term and Imposing Sentence, Case No. 3:95-cr-00147-MO-1 [72]).

Mr. Kuch had entered his plea pursuant to a plea agreement [39] with the Government. Among several other relevant provisions, Mr. Kuch waived his right to appeal and his right "to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." (Plea Agreement [39] 3). Mr. Kuch did not appeal. He now brings this Motion to Vacate, Set Aside, or Correct Sentence [52] under 28 U.S.C. § 2255.

## DISCUSSION

Mr. Kuch is pro se, and, accordingly, the Court construes his pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (courts construe pro se pleadings liberally); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (prisoner pro se pleadings are given the benefit of being liberally construed). Liberally construed, Mr. Kuch asserts he is entitled to relief because he received an illegal sentence and because he was denied the constitutional right of effective assistance of counsel.

Under Mr. Kuch's first ground for relief, he claims he received an "illegal sentence under the *Neely* case" and "[the] consequences [were] not explained to me by the court." (Pet'r's Mot.

[52] 5). I find Mr. Kuch waived his right to collaterally attack the legality of sentence because he explicitly, knowingly, and voluntarily waived his right to file this motion, except as to claims of ineffective assistance of counsel. I therefore do not address Mr. Kuch's argument regarding his sentence and instead turn to his claim of ineffective assistance of counsel.[1]

Mr. Kuch's second ground for relief states, "Court did not recognize or address plaintiffs obvious diminished capacity in spite of expert witness testimony and courts own statements supporting its relevancy." (*Id.* at 6). Because Mr. Kuch waived his right to appeal or collaterally attack his sentence, I will liberally construe his claim as alleging his counsel was ineffective for failing to request a downward departure based on diminished capacity .

To demonstrate ineffective assistance of counsel, Mr. Kuch must show counsel's performance was "deficient" and the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because it is not necessary to "address both components of the inquiry if the defendant makes an insufficient showing on one," I "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. I find the "prejudiced the defense" component of the inquiry dispositive in this case.

Prejudice exists where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* Here, Mr. Kuch must show a "reasonable probability that, but for his counsel's errors, a different

---

[1] Although stated as a *Neely* issue, Mr. Kuch might be claiming the Bureau of Prisons erred in entering his revocation sentence as consecutive to the bank robbery sentence. (Pet'r' Resp. to Government's Mot. to Dismiss [63] 2). Before the Court may review this claim, Mr. Kuch must seek relief through the administrative process.

sentence would have been imposed." *Clabourne v. Lewis*, 64 F.3d 1373, 1378 (9th Cir. 1995).

Applying this standard, Mr. Kuch's motion and the record show he is entitled to no relief

based on a diminished capacity downward departure. A downward departure from the applicable

guideline range "may be warranted if (1) the defendant committed the offense while suffering

from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity

contributed substantially to the commission of the offense." USSG §5K2.13. However, the court

lacks the authority to depart

> if (1) the significantly reduced mental capacity was caused by the voluntary use of
> drugs or other intoxicants; (2) *the facts and circumstances of the defendant's offense
> indicate a need to protect the public because the offense involved actual violence or
> a serious threat of violence*; (3) *the defendant's criminal history indicates a need to
> incarcerate the defendant to protect the public*; or (4) the defendant has been
> convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States
> Code.

*Id.* (emphasis added); *see United States v. Davis*, 264 F.3d 813, 815 (9th Cir. 2001) ("The text of

the guideline plainly prohibits a sentencing court from departing downward if it first finds that a

circumstance identified in any one of the three prongs is present.").

Here, Mr. Kuch would not have received the downward departure if requested because I

lacked the authority to depart under §5K2.13. At the sentencing hearing, I found the facts and

circumstances of the bank robbery indicated a need to protect the public because the robbery

involved a threat of violence by Mr. Kuch. (Sentencing Tr. [51] 18:7–19, 26:24–27:11); *see*

*United States v. Borrayo*, 898 F.2d 91, 94 & n.5 (9th Cir. 1990) (defendant's threat of explosives

in demand note foreclosed diminished capacity departure). I also found Mr. Kuch's criminal

history of 13 prior convictions, including two bank robberies, indicated a need to incarcerate him

to protect the public. (Sentencing Tr. [51] 26:7–17, 27:3–11); *see Davis*, 264 F.3d at 816

(diminished capacity departure unavailable because defendant's criminal history indicated

likelihood of future bank robberies and other violent acts). As I rejected defense counsel's

request for 110 months imprisonment, I found the need to protect the public and incarcerate Mr.

Kuch outweighed defense counsel's mitigating evidence on Mr. Kuch's life history and attempts

at recovery from his drug addiction. (Sentencing Tr. [51] 25:13–28:1). Therefore, even if Mr.

Kuch's counsel was deficient in failing to seek a downward departure, there is no prejudice

because I would not have imposed a different sentence based on diminished capacity.

## CONCLUSION

Based on the foregoing reasons, Mr. Kuch's Motion to Vacate, Set Aside or Correct

Sentence [52] is DENIED without an evidentiary hearing because "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255(b). I decline to issue a certificate of appealability because petitioner has not "made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___2nd___ day of November, 2012.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER